UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

AMY DIXON,
Plaintiff

v. C.A. No. 07-254-S

UTGR, INC. d/b/a TWIN RIVER formerly known as LINCOLN PARK; CLYDE CALLICOT; and GARY GREEN

## DEFENDANTS' ANSWER TO AMENDED COMPLAINT

NOW COME Defendants, UTGR, Inc. d/b/a Twin River, formerly known as Lincoln Park, Clyde Callicott (misspelled "Callicot" in the Amended Complaint), and Gary Green, and for their Answer to the Amended Complaint hereby state as follows:

### INTRODUCTORY STATEMENT/NATURE OF ACTION

Defendants deny that Plaintiff has suffered any unlawful sexual harassment, discrimination or retaliation in employment, or any other harm or damages, and therefore also deny that she is entitled to any relief whatsoever.

### JURISDICTION AND VENUE

1. Paragraph 1 of the Amended Complaint only sets forth the legal and jurisdictional bases for the Amended Complaint being filed in this Court and a responsive pleading is therefore unnecessary.

2. The allegations set forth in Paragraph 2 of the Amended Complaint are admitted.

3. Defendants admit that venue is appropriate in this district. To the extent the allegations contained in Paragraph 3 of the Amended Complaint aver that any of the alleged unlawful practices occurred or are continuing to occur, denied.

4. Defendants admit that on or about December 14, 2006, Plaintiff filed a charge of discrimination alleging that she had been subjected to acts of sexual harassment and had been discriminated against on the basis of her gender. To the extent the allegations contained in Paragraph 4 of the Amended Complaint aver that any of the alleged acts of unlawful harassment or discrimination occurred or are continuing to occur, denied.

5. The allegations set forth in Paragraph 5 of the Amended Complaint are admitted.

6. Defendants admit that Plaintiff filed her original complaint within ninety (90) days of her receipt of federal and state Right to Sue notifications. The remaining allegations contained in Paragraph 6 of the Amended Complaint set forth a conclusion of law to which no responsive pleading is required.

THE PARTIES

7. Defendants admit that the Plaintiff is Amy Dixon, an individual. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 7 of the Amended Complaint.

8. The allegations set forth in Paragraph 8 of the Amended Complaint are admitted.

9. Admitted that Defendant UTGR, Inc. d/b/a Twin River, formerly known as Lincoln Park, is a domestic corporation with an office in Lincoln, Rhode Island, and is in the operation of a track-based gaming business, video lottery terminals, entertainment, and food and beverage. Admitted that Defendant Callicott is an individual who currently resides in Lincoln, Rhode Island. Admitted that Defendant Green is an individual employed in the position of Vice President of Human Resources, and a resident of Cumberland, Rhode Island. The remaining allegations set forth in Paragraph 9 of the Amended Complaint are denied.

10. The allegations set forth in Paragraph 10 of the Amended Complaint are admitted.

11. The allegations set forth in Paragraph 11 of the Amended Complaint are admitted.

12. The allegations set forth in Paragraph 12 of the Amended Complaint are admitted.

13. The allegations contained in Paragraph 13 of the Amended Complaint set forth a conclusion of law to which no responsive pleading is required.

14. The allegations contained in Paragraph 14 of the Amended Complaint set forth a conclusion of law to which no responsive pleading is required.

15. The allegations contained in Paragraph 15 of the Amended Complaint set forth a conclusion of law to which no responsive pleading is required.

FACTS APPLICABLE TO EACH COUNT

16. The allegations set forth in Paragraph 16 of the Amended Complaint are admitted.

17. Defendants admit that Plaintiff worked for Defendant UTGR, Inc. and that for a period of time during her employment with UTGR, Inc., she worked under the supervision of Defendant Callicott. The remaining allegations set forth in Paragraph 17 of the Amended Complaint are denied.

18. The allegations set forth in Paragraph 18 of the Amended Complaint are admitted.

19. The allegations set forth in Paragraph 19 of the Amended Complaint are denied.

20. The allegations set forth in Paragraph 20 of the Amended Complaint are admitted.

21. The allegations set forth in Paragraph 21 of the Amended Complaint are denied.

22. The allegations set forth in Paragraph 22 of the Amended Complaint are denied.

23. The allegations set forth in Paragraph 23 of the Amended Complaint are denied.

24. The allegations set forth in Paragraph 24 of the Amended Complaint are denied.

25. The allegations set forth in Paragraph 25 of the Amended Complaint are denied

26. The allegations set forth in Paragraph 26 of the Amended Complaint are denied

27. The allegations set forth in Paragraph 27 of the Amended Complaint are denied.

28. The allegations set forth in Paragraph 28 of the Amended Complaint are denied.

29.a. The allegations set forth in Paragraph 29.a of the Amended Complaint are admitted.

29.b. The allegations set forth in Paragraph 29.b of the Amended Complaint are denied.

29.c. The allegations set forth in Paragraph 29.c of the Amended Complaint are denied.

29.d. The allegations set forth in Paragraph 29.d of the Amended Complaint are denied.

29.e. The allegations set forth in Paragraph 29.e of the Amended Complaint are denied.

29.f. The allegations set forth in Paragraph 29.f of the Amended Complaint are denied.

29.g The allegations set forth in Paragraph 29.g of the Amended Complaint are denied.

29.h The allegations set forth in Paragraph 29.h of the Amended Complaint are denied.

29.i The allegations set forth in Paragraph 29.i of the Amended Complaint are denied.

29.j The allegations set forth in Paragraph 29.j of the Amended Complaint are denied.

29.k Defendants are without sufficient knowledge or information concerning what Plaintiff believes she was told by the Director of Human Resources, and the allegations set forth in Paragraph 29.k. are therefore denied.

29.l. The allegations set forth in Paragraph 29.l of the Amended Complaint are denied.

30. The allegations set forth in Paragraph 30 of the Amended Complaint are denied.

31. The allegations set forth in Paragraph 31 of the Amended Complaint are denied.

32. The allegations set forth in Paragraph 32 of the Amended Complaint are denied.

33. The allegations set forth in Paragraph 33 of the Amended Complaint are denied.

34. Defendants are without sufficient knowledge or information concerning whether Plaintiff was subjectively offended by anything. Because the alleged conduct referenced in

Paragraph 29 did not occur as Plaintiff has alleged, the remaining allegations set forth in Paragraph 34 of the Amended Complaint are denied.

35. The allegations set forth in Paragraph 35 of the Amended Complaint are denied.

36. The allegations set forth in Paragraph 36 of the Amended Complaint are admitted.

37. The allegations set forth in Paragraph 37 of the Amended Complaint are denied.

38. The allegations set forth in Paragraph 38 of the Amended Complaint are denied.

39. The allegations set forth in Paragraph 39 of the Amended Complaint are denied.

40. The allegations set forth in Paragraph 40 of the Amended Complaint are denied.

## COUNT I

41. Defendants restate each and every response contained in Paragraphs 1 through 40 of this Answer with the same force and effect as if fully set forth.

42. The allegations set forth in Paragraph 42 of the Amended Complaint are denied.

43. The allegations set forth in Paragraph 43 of the Amended Complaint are denied.

44. The allegations set forth in Paragraph 44 of the Amended Complaint are denied.

45. The allegations set forth in Paragraph 45 of the Amended Complaint are denied.

46. The allegations set forth in Paragraph 46 of the Amended Complaint are denied.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiff all of the relief she seeks, enter judgment in favor of Defendants, and award Defendants their attorneys' fees and costs for defending this action.

## COUNT II

47. Defendants restate each and every response contained in Paragraphs 1 through 40 of this Answer with the same force and effect as if fully set forth.

48. The allegations set forth in Paragraph 48 of the Amended Complaint are denied.

49. The allegations set forth in Paragraph 49 of the Amended Complaint are denied.

50. The allegations set forth in Paragraph 50 of the Amended Complaint are denied.

51. The allegations set forth in Paragraph 51 of the Amended Complaint are denied.

52. The allegations set forth in Paragraph 52 of the Amended Complaint are denied.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiff all of the relief she seeks, enter judgment in favor of Defendants, and award Defendants their attorneys' fees and costs for defending this action.

COUNT III

53. Defendants restate each and every response contained in Paragraphs 1 through 40 of this Answer with the same force and effect as if fully set forth.

54. The allegations set forth in Paragraph 54 of the Amended Complaint are denied.

55. The allegations set forth in Paragraph 55 of the Amended Complaint are denied.

56. The allegations set forth in Paragraph 56 of the Amended Complaint are denied.

57. The allegations set forth in Paragraph 57 of the Amended Complaint are denied.

58. The allegations set forth in Paragraph 58 of the Amended Complaint are denied.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiff all of the relief she seeks, enter judgment in favor of Defendants, and award Defendants their attorneys' fees and costs for defending this action.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint is barred by the equitable doctrine of unclean hands.

### Second Affirmative Defense

The Complaint, or portions thereof, fails to state a claim upon which relief can be granted.

### Third Affirmative Defense

The named Defendants acted in good faith and in compliance with all applicable laws with respect to Plaintiff.

### Fourth Affirmative Defense

Plaintiff may be barred from recovery of damages based upon the doctrines of waiver, estoppel and/or after-acquired evidence.

### Fifth Affirmative Defense

Plaintiff's alleged damages must be reduced to the extent she has failed to properly mitigate such damages.

### Sixth Affirmative Defense

Defendant Gary Green never acted in any supervisory capacity with respect to Plaintiff and he therefore is not an appropriate defendant.

### Seventh Affirmative Defense

Defendants hereby give notice that they intend to rely upon any other defense that may become available or appear during or as a result of discovery proceedings in this action, and hereby reserve their right to amend their answer to asset each such defense or defenses.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiff all of the relief she seeks, enter judgment in favor of Defendants, and award Defendants their attorneys' fees and costs for defending this action.

DEFENDANTS, UTGR, Inc. et al.

By Their Attorney,

/s/ Michael D. Chittick (#5967)
BLB Management Services, Inc.
100 Twin River Road
Lincoln, Rhode Island 02865
Tel: (401) 475-8493
Fax: (401) 727-4770
mchittick@blbincorporated.com
Dated: October 15, 2007